[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is an appeal from the action of the probate court denying the plaintiff's motion to remove the co-executors of the Estate of Mary Settipane for alleged conflict of interest, waste of estate assets, malfeasance and misfeasance.
The plaintiff, Alvera Marino, is a daughter an heir of the decedent, Mary Settipane. CT Page 8524
The defendants, Carmelina O'Brien and Guy Settipane are co-executors of the estate of Mary Settipane.
After a hearing held in the probate court for the district of Middletown, on March 1, 2000, the court denied the plaintiff's motion to remove the co-executors for cause. This appeal was filed, subsequent to the probate court's order, dated April 5, 2000, allowing said appeal.
After a full trial, the court finds the facts to be as follows.
The decedent, Mary Settipane, a resident of Middletown, Connecticut, died testate on June 8, 1999. The defendant's six children, Carmelina M. O'Brien, Alvera S. Marino, Guy A. Settipane, Maryjane S. Marquis, Jeannette I. Laveglia and Joseph S. Settipane were designated as beneficiaries under the terms of the decedent's will. Joseph Settipane died on March 8, 2000. Two of the decedent's children were named as co-executors under the will, and, after hearing, duly noticed and held, were, without objection, appointed co-executors of the estate of the decedent, by the probate court on July 12, 1999.
The estate was valued in excess of $500,000 which included the decedent's two family house in Middletown, Connecticut, a beach house in Old Saybrook, Connecticut, securities, an automobile, household furnishings and numerous bank accounts at Liberty Bank, Citizens Bank and Webster Bank. Many of the bank accounts were established as joint, trust or custodial accounts with, or for the benefit of, the decedent's children or grandchildren.
Following their appointment, the co-executors, in performance of their duties, retained counsel to assist them.
The defendants marshaled the assets of the decedent including all bank accounts which they, through bank records, determined to be solely owned by the decedent at the date of her death. Those accounts which the banks designated as joint accounts, trust accounts, or custodial accounts on behalf of the named beneficiaries were deemed to have passed to the beneficiaries by operation of law and subsequently were not included in the inventory of the estate.
As further facts were brought forward, the defendants filed a supplemental inventory which included eight accounts now determined to be solely owned by the decedent and includable in the estate. The rest of the accounts remained as originally designated.
Subsequently, one of the beneficiaries, Alvera Marino, the plaintiff herein, filed an objection to the inventory and a motion to remove the CT Page 8525 co-executors.
The plaintiff's objection to the inventory alleged that the inventory did not include all of the assets possessed by the decedent at the time of her death.
The plaintiff's motion to remove the co-executors alleged conflicts of interest, incompetency, failure to investigate the ownership of bank accounts omitted from the estate inventory, their loss of non-monetary assets of the estate and their disparate treatment of beneficiaries.
Following a hearing, the probate court determined that the co-executors should not be removed and this appeal followed.
This court must, after a trial of the issues and its independent finding of facts exercise its discretion de novo, without regard to the decision of the probate court. Ruth Ramsdell, et al. v. Union TrustCompany, Executor, 202 Conn. 57, 65 (1987).
The Superior Court, on appeal, has the same authority to remove the fiduciaries of the Estate of Mary Settipane as the probate court, moreover, it must make "an independent determination without regard to the result reached by the probate court." Gordon C. Andrews, Executor v.John Thomas Gorby, et al., 237 Conn. 12, 14-17 (1996).
In her appeal, the plaintiff sets forth as grounds for her appeal and argues that the defendant's should be removed as co-executors for the following reasons:
1. That they have a clear and continuing conflict of interest regarding their actions in handling financial transactions for their mother prior to her death and their responsibilities as fiduciaries of the estate.
2. That the co-executors of the estate must be removed because they are incompetent to continue acting as fiduciaries.
The court, after a full trial, finds that there is no merit to the allegations of conflict of interest and incompetency ascribed by the plaintiff to the defendants.
The court expressly finds that, in the exercise of their fiduciary duties as co-executors, the defendants acted diligently, rationally, prudently and in accordance with their responsibilities as such.
The defendant's made a thorough search for bank accounts, preliminarily defined them, and as further facts became known and discoveries made, the CT Page 8526 defendants properly submitted supplemental inventories reflecting their newer determinations.
The court also finds and agrees with the proposition that the existence of a potential conflict of interest does not, in itself, mandate removal of the co-executors. Removal of an executor is an extraordinary remedy designed to protect against harm caused by the continuing depletion or mismanagement of the estate. See, Ramsdell v. Union Trust Co.,202 Conn. 56, 66 (1987).
This court is not persuaded by the evidence presented by the plaintiff that the co-executors should be removed.
Accordingly, judgment should enter for the defendants denying the plaintiff's motion for the removal of the co-executors.
The probate court did not rule on the plaintiff's objection to the inventory, that matter is still in the probate court and is not before this court.
Therefore, judgment is entered for the defendants denying the plaintiff's motion to remove the co-executors of the Estate of Mary Settipane, with costs of suit.
 SPALLONE JUDGE TRIAL REFEREE